IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-01084-WDM-MJW (consolidated)

JACK G. BLAZ, derivatively on behalf of Newmont Mining Corporation,

    Lead Plaintiff,

v.

WAYNE MURDY, et al.,

    Defendants,

and

NEWMONT MINING CORPORATION,

    Nominal Defendant.

_____

**ORDER**
_____

    This matter is before me on the plaintiffs' tendered "Pre-Trial Order No. 1" submitted in accordance with my oral instructions following the hearing held December 15, 2005, at which I appointed Jack G. Blaz (Blaz) as lead derivative plaintiff and Wechsler Harwood LLP (Wechsler) as lead counsel for the three cases consolidated by my November 17, 2005 order. I note that plaintiffs have failed to file a consolidated, amended complaint by January 18, 2006, as required by my November 17, 2005 order. Following review of the file and the parties' pleadings, it is ordered:

    1.    Blaz is appointed as lead derivative plaintiff for this consolidated action (Derivative Action).

2. The caption of this case is amended to reflect Mr. Blaz as the lead plaintiff and shall be the caption for all subsequent pleadings in this matter until further court order.

3. Wechsler is appointed lead counsel (Lead Counsel) for the Derivative Action.

4. Lead Counsel shall have the responsibility of conducting this litigation in an orderly and efficient manner for the benefit of all derivative plaintiffs in this Derivative Action and is granted authority to so conduct this litigation. In connection therewith Lead Counsel shall have the following responsibilities:

    A. Represent the derivative plaintiffs in all motions;

    B. Conduct all discovery proceedings which may include coordination with the related consolidated securities class actions known as *UFCA Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp., et al.,* Case No. 05-cv-01046-MSK-BNB (Newmont Class Action);

    C. Consult with and employ experts;

    D. Act as spokesperson at all court proceedings;

    E. Consult with and call meetings of all counsel representing the derivative plaintiffs when lead counsel deems it appropriate and delegate responsibilities for specific tasks to such other counsel in a manner assuring that representation for all derivative plaintiffs is conducted effectively, efficiently and economically without unnecessary duplication or expense;

    F. Represent the derivative plaintiffs in all dealings with the defendants and their counsel, including the negotiation and any agreement with respect to settlement and all other matters concerning this litigation. Defendants' counsel may rely upon all

agreements made with Lead Counsel;

G. Maintain a complete service list of all counsel and coordinate all activities and appearances on behalf of the derivative plaintiffs assuring that all notices, orders of this court and other matters concerning this litigation are disseminated to all counsel of record;

H. To otherwise conduct all pretrial, trial and post trial proceedings and perform such other duties as it deems necessary for those purposes or as may be expressly authorized by further order of this court.

5. During the pendency of this Derivative Action the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to discovery of information relevant to the subject matter of the pending litigation.

6. Unless otherwise ordered, no discovery proceedings shall be initiated on behalf of the derivative plaintiffs except through local counsel.

7. My oral ruling of December 15, 2005, that plaintiff Doris Staehr's motion for preliminary injunction constructive trust was denied as of that date.

8. In the event any new shareholder derivative complaint against some or all of the same defendants concerning the same or similar issues presented in this Derivative Action is filed in this court the Clerk shall bring such filing to my attention to determine whether there should be a special assignment of such cases to me pursuant to D.C.COLO.LCivR 40.1A or consolidated with this case pursuant to D.C.COLO.LCivR. 40.1C.4 and 42.1 and

Fed. R. Civ. P. 42 (a).

    9. Lead Counsel shall file a consolidated amended complaint no later than March 20, 2006.

    DATED at Denver, Colorado, on February 3, 2006.

                                BY THE COURT:

                                s/ Walker D. Miller
                                United States District Judge