IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLORADO
_____

Civil Action No. 05-CV-01084-WDM-MJW (consolidated with 05-CV-0122 and 05-CV-01226)

JACK G. BLAZ, Derivatively On Behalf Of
NEWMONT MINING CORPORATION,

Lead Plaintiff,

v.

WAYNE W. MURDY, et al.,

Defendants,

-and-

NEWMONT MINING CORPORATION, a
Delaware Corporation,

Nominal Defendant.
_____

**PRELIMINARY APPROVAL ORDER**
_____

This matter is before me on the Joint Motion to Reopen Case (doc. no. 81) and the Unopposed Motion of Derivative Plaintiff for Order of Preliminary Approval of Derivative Settlement (doc. no. 82). The parties seek preliminary approval of the settlement ("Settlement") set forth in June 19, 2007 Stipulation of Settlement and its exhibits ("Stipulation"). Following review of the file and telephonic hearing with counsel, it is ordered:

1. The Joint Motion to Reopen Case (doc. no. 81) is granted and the case is reopened. The Unopposed Motion of Derivative Plaintiff for Order of Preliminary

1

Approval of Derivative Settlement (doc. no. 82) is granted upon the following terms and conditions.

3. Terms used in this order shall have the meanings set forth in the Stipulation, unless indicated otherwise herein.

4. Subject to further consideration of the Court, and for purposes of settlement only, I find that this action ("Action") was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of Newmont, and for the purposes of the Settlement only, the lead plaintiff, Jack G. Blaz, fairly and adequately represents the interests of each Newmont Shareholder in enforcing the rights of Newmont.

5. A hearing (the "Settlement Hearing") shall be held on February 20, 2008, at 10:00 a.m. at the United States District Court, District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294:

    a. to determine whether the lead plaintiff is an adequate representative of the interests of each Newmont Shareholder in enforcing the rights of Newmont;

    b. to determine finally whether (i) the proposed Settlement is fair, reasonable, adequate and in the best interests of Newmont and its shareholders, (ii) the Stipulation and Settlement should be finally approved pursuant to Federal Rule of Civil Procedure 23.1, and (iii) whether an Order and Final Judgment should be entered thereon

dismissing the Action with prejudice and extinguishing and releasing any and all Released Claims;

c. to hear and determine any objections to the Settlement;

d. to determine, in the event the Court approves the Settlement, whether to grant Derivative Counsel's application for an award of attorneys' fees and expenses, as set forth in Paragraph 4.1 of the Stipulation; and

e. to rule upon such other matters as the Court may deem necessary or appropriate.

6. I approve the form and substance of the Notice of Pendency and Settlement of Derivative Action (the "Notice") attached hereto as Exhibit A.

7. Not later than sixty (60) days prior to the Settlement Hearing, Newmont or its successor(s) in interest shall cause the Notice to be mailed to every Newmont Shareholder as of the date of this Order as shown on the stock records maintained by or on behalf of Newmont, by first class mail, postage prepaid. Furthermore, Newmont or its successor(s) shall use reasonable efforts to give notice to beneficial owners of Newmont stock. At least seven (7) days before the Settlement Hearing, Newmont or its successor(s) in interest shall file with the Court proof of mailing of the Notice.

8. The giving of notice substantially in the manner set forth above (a) meets the requirements of Federal Rule of Civil Procedure 23.1, due process and any other

applicable laws; (b) is the best notice practicable under the circumstances; and (c) shall constitute due and sufficient notice to all Persons entitled thereto.

9. I preliminarily approve the Stipulation and Settlement set forth therein. I reserve, however, (a) the right to approve finally the Settlement, with such modifications as I may prescribe or as may be agreed to by the Parties' counsel without further notice to any Newmont Shareholder; and (b) the right to continue or adjourn the Settlement Hearing or modify any other dates set forth herein without further notice to any Newmont Shareholder.

10. Any Newmont Shareholder may appear and show cause why the Settlement should not be approved as fair, reasonable, and adequate or why a Final Order and Judgment should not be entered herein, or why the application for attorneys' fees and expenses should not be granted; *provided that* no later than fourteen (14) days prior to the Settlement Hearing, such Person shall file with the Clerk of the Court, United Stated District Court, District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294 (a) a written notice of the intention to appear; (b) proof of ownership of Newmont common stock as well as documentary evidence of when such stock ownership was acquired; (c) a detailed statement of the matters to be presented to the Court; and (d) the grounds therefore or the reasons why such Person desires to appear and to be heard, as well as all documents and writings supporting such position. Attendance at the Settlement Hearing is not necessary for the objection to be considered by the Court.

11. Any Person who fails to object in the manner prescribed above shall be deemed to have waived such objections and shall be forever barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

12. Pending final determination of whether the Settlement and Stipulation should be approved, all proceedings in the Action, other than proceedings necessary to carry out the terms and conditions of the Settlement, are preliminarily enjoined, and the Derivative Plaintiffs and/or every Newmont Shareholder, or any of them, are preliminarily barred and enjoined from (a) commencing, prosecuting, instigating, continuing, or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively or in any other capacity against any of the Released Parties, or (b) challenging the Settlement other than in this Action in accordance with the procedures established by the Court.

13. Derivative Counsel shall submit any papers in support of final approval of the Settlement to the Court at least seven (7) days before the Settlement Hearing.

14. Neither the Stipulation, nor the Exhibits thereto, nor any document referred to therein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Released Parties, or any of them, of any fault, wrongdoing or liability whatsoever.

15. In the event the Settlement is not approved by myself or is terminated for any reason, the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her or its respective position as of January 3, 2007.

16. I retain jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED at Denver, Colorado, on November 27, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge